UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | |
| ) | Case No. 17-20526-TPA |
| UNIQUE VENTURES GROUP, LLC, ) | |
| ) | Chapter 11 |
| Debtor, ) | |
| ) | JUDGE THOMAS P. AGRESTI |
| ) | |
| ) | Adv. No: 19-AP-02019-TPA |
| ALBERT'S CAPITAL SERVICES, LLC, as ) | |
| Plan Administrator, ) | Doc. No.: |
| ) | |
| Plaintiff, ) | Related to Doc. No.: |
| ) | |
| vs ) | Hearing Date: |
| ) | |
| DAAHG, LLC, ) | Hearing Time: |
| ) | |
| Defendant. ) | |
| ) | |

**AMENDED COMPLAINT TO TURN OVER PROPERTY PURSUANT TO
11 U.S.C. § 542**

As Plaintiff in this action, Albert's Capital Services, LLC, the Plan Administrator of the estate of Unique Ventures Group, LLC, for its *Amended Complaint to Turn Over Property Pursuant to 11 USC § 542*, against Defendant DAAHG, LLC, states as follows:

**NATURE OF THE CASE**

1.  This action is commenced pursuant to section 542 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") for the turnover of property of the Unique Ventures LLC bankruptcy estate.

1

2. This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334 and the Plan (as defined below). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, Plaintiff consents to the entry of a final order or judgment by the bankruptcy court.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1409.

5. The Debtor filed a voluntary petition for relief under chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code") on February 13, 2017 (the "Petition Date")

6. On January 24, 2018, this Court entered the *Order Confirming Second (Amended) Chapter 11 Plan* [Docket No. 950] (the "Confirmation Order"), thereby confirming the Second Amended Chapter 11 Plan (the "Plan") and Second Amended Disclosure Statement filed by the Official Committee of Unsecured Creditors (the "Committee").

7. The Confirmation Order vested the Plan Administrator with the rights and powers set forth in the Plan Administrator Agreement, including the right to facilitate the liquidation of the Debtor's assets, make distributions on account of Claims as provided in the Plan, object to Claims and settle, compromise, withdraw, or litigate to judgment such objections, pursue recoveries available under Chapter 5 of the Bankruptcy Code, and wind down the Debtor.

8. Defendant is a Pennsylvania limited liability company with a mailing address at 100 First Avenue, Suite 800, Pittsburgh, Pennsylvania 15222.

9. Defendant is in possession of, insofar as it is named as titleholder to, property of the Debtor, namely two items identified as 2003 Workhorse Food Truck(s)

titled in Defendant's name and identified as scheduled items 47.1 and 47.11 in the Debtor's Statement of Financial Affairs (Dkt. 166 p. 7 and 8) (the "Food Trucks").

10. On information and belief, the Food Trucks are identified further by Vehicle Identification Numbers 5BKP42R333359570 and 1C9DT08192H376216.

11. Defendant is not a custodian of any property for the Debtor.

### First Claim For Relief
### Turnover of Property
### 11 USC §§ 542(a)

12. Plaintiff restates the above as if set out in full herein.

13. Section 542(a) of the United States Bankruptcy Code provides, in pertinent part:

> [A]n entity, other than a custodian, in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363 of [the Bankruptcy Code],…shall deliver to the trustee, and account for, such property or the value of such property….

11 U.S.C. § 542(a).

14. Section 541 of the Bankruptcy Code provides that a debtor's estate is comprised of, subject to certain exceptions, "all legal or equitable interests of the debtor as of the commencement of the case." 11 U.S.C. § 541(a)(1).

15. The Food Trucks are property of the Debtor's estate that are in Defendant's possession insofar as they remain titled in Defendant's name.

16. Defendant has failed to deliver the Food Trucks to the Plaintiff by failing to surrender title or effect the transfer of title.

17. Therefore, pursuant to 11 U.S.C. § 542(a), the Plaintiff is entitled to the turnover of the Food Trucks.

## **Relief Requested**

WHEREFORE, the Plaintiff prays for judgment against the Defendant as follows:

A.      On Plaintiff's First Claim for Relief, judgment in favor of Plaintiff and against Defendant, turning over all right, title, and interest in the Food Trucks to Debtor; and

B.      To award Plaintiff its costs and reasonable attorney's fees pursuant to Rule 54 of the Federal Rules of Civil Procedure its costs and expenses incurred in connection with bringing this proceeding, its reasonable costs and attorney fees, and any other relief to which it is entitled.

    Respectfully Submitted,
    **Ross M. Babbitt Co., LPA**

    /s/ Ross M. Babbitt
    Ross M. Babbitt (Ohio 0072946)
    rbabbitt@babbitt-lawfirm.com
    1382 West 9th Street, Suite 220
    Cleveland, Ohio  44113
    (216) 623-6346

    *Special Litigation Counsel for Plaintiff Albert's Capital Services, LLC, Plan Administrator to Unique Ventures Group, LLC*

    and

    WHITEFORD, TAYLOR & PRESTON LLP

>Michael J. Roeschenthaler (PA ID No. 87647)
>Daniel R. Schimizzi (PA ID No. 311869)
>200 First Avenue, Third Floor
>Pittsburgh, PA  15222
>T: (412) 275-2401
>F: (412) 275(2404)
>
>*Counsel to Plaintiff Albert's Capital Services, LLC, Plan Administrator to Unique Ventures Group, LLC*